UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JEFFREY WILLIAMS,

                          Petitioner,

   vs.
                                                        9:03-CV-0043

CHRIST T. MELIUS, Superintendent,                    (J. Kahn)
Lyon Mountain Correctional Facility,

                          Respondent.
_____

APPEARANCES                              OF COUNSEL

JEFFREY WILLIAMS[1]
Petitioner Pro Se

ELIOT SPITZER                          STEVEN H. SCHWARTZ
Attorney General of the                Assistant Attorney General
State of New York

GUSTAVE J. DIBIANCO, Magistrate Judge

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Lawrence E. Kahn, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

Petitioner brings this action for a writ of habeas corpus pursuant to 28 U.S.C. §

---

[1] According to the New York Department of Correctional Services website, petitioner was conditionally released to parole in June 2003. Petitioner has not filed any change of address with the court. However, it appears that petitioner violated the conditions of his release and is currently imprisoned at Cape Vincent Correctional Facility.

2254, challenging a judgment of conviction rendered in the Greene County Supreme Court. Petitioner pleaded guilty to Burglary, Third Degree, and on April 24, 2001, petitioner was sentenced to an indeterminate term of two to four years imprisonment. In December 2001, counsel for petitioner filed a brief in the Appellate Division, Third Department stating that there were no issues to appeal pursuant to *Anders v. California*, and simultaneously made an application for leave to withdraw as counsel.[2] *Anders v. California*, 386 U.S. 738 (1967). Petitioner filed a Supplemental Pro Se Brief in the Appellate Division, Third Department in January 2002. On June 20, 2002, the Appellate Division affirmed petitioner's conviction, and granted counsel's application for leave to withdraw. On November 15, 2002, the New York Court of Appeals denied petitioner leave to appeal.

Petitioner raises five grounds in support of his petition.

1. Petitioner's court appointed counsel and the District Attorney engaged in unlawful tactics.[3]

2. Evidence was obtained pursuant to an unconstitutional search and seizure.

3. Evidence was obtained pursuant to an unlawful arrest.

---

[2]Pursuant to *Anders*, "if counsel finds [petitioner's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Anders*, 386 U.S. at 744.

[3]Petitioner does not address this claim explicitly in his Memorandum of Law, except to make a claim of ineffective assistance of counsel.

    4.        The prosecutor improperly withheld evidence favorable to petitioner.

    5.        Petitioner was denied effective assistance of counsel.[4]

Respondent has filed a memorandum of law, together with the pertinent state court records.[5] (Dkt. 13). For the following reasons, this court agrees with the respondent and will recommend denial of the petition.

## DISCUSSION

**1.**    **Facts**

Petitioner's conviction in this case resulted from the seizure of forty-four cartons of stolen cigarettes from the trunk of his car during a traffic stop. The cigarettes were valued at $1,914.00. In the early morning hours of July 27, 2000, the theft was reported from the Xtra-Mart in Athens, New York. Shortly after the report, petitioner was stopped for traffic violations by a Coxsackie police officer. The police officer searched the vehicle and petitioner's person. During the search, the police officer found the stolen cigarettes in the trunk of the vehicle. Petitioner received two tickets for traffic violations related to the traffic stop.

Petitioner was subsequently indicted for Burglary, Third Degree, and Grand Larceny, Fourth Degree in connection with the theft of the cigarettes. In February 2001, petitioner filed a motion to dismiss in Greene County Supreme Court. In that

---

[4]This claim appears only in petitioner's Memorandum of Law, not in the petition itself.

[5]State court records are listed on page 2 of respondent's answer. (Dkt. 12).

motion, petitioner alleged a failure by the Coxsackie police department to file a supporting deposition related to the July 2000 traffic violations,[6] and a failure by petitioner's public defender to meet a motion deadline imposed by the court. The petitioner also requested that the indictment be dismissed due to the lack of evidence. At the same time, petitioner filed a petition for a writ of habeas corpus, based on an alleged speedy trial violation.

The Greene County Supreme Court scheduled a hearing for both applications on March 14, 2001. At the hearing, no attorney for the county appeared, and the court adjourned consideration of the merits of the petitioner's applications.[7] Habeas Corpus ("HC") Transcript, p. 4 (included in Exhibit A to Petitioner's Memorandum of Law in support of his petition to this court). Although the court adjourned the hearing on the merits, during the court appearance, petitioner again alleged failure by the police department to file a supporting deposition related to the traffic violations, and complained that the public defenders were not keeping petitioner apprised of

---

[6] Pursuant to NY CPL § 100.25, a defendant charged by a simplified information is entitled as a matter of right to a supporting deposition of the complainant police officer setting forth "reasonable cause to believe that the defendant committed the offense or offenses charged." NY CPL § 100.25(2). If the deposition is not timely filed, then dismissal of the charges may be sought. *Id*.

[7] Because the court considered petitioner's application for writ of habeas corpus a **civil** action against the sheriff, the court sent notice of the hearing **only** to the County Attorney who represents the sheriff in civil matters. No notice was sent to the District Attorney assigned to petitioner's criminal case.

4

developments in his case.[8]  HC Transcript, p. 4-5.

At some point during the proceeding, the Assistant District Attorney assigned to the criminal case entered the courtroom and confirmed to the court that a suppression hearing was scheduled for the following week.  HC Transcript, p. 8-9.  Petitioner then requested that his public defender, Mr. Stanzione, be replaced with another attorney in that office, to which the judge replied, "I will direct that Mr. Lewis be here."  HC Transcript, p. 13.

On March 23, 2001, petitioner appeared with Attorney Stanzione, and agreed to enter a plea of guilty to the first count in the indictment, burglary in the third degree. The hearing had been scheduled as a suppression hearing, but the Assistant District Attorney stated that he had conveyed to petitioner's attorney that if the suppression hearing proceeded, the prosecution's offer of a plea deal would be withdrawn.  Plea Transcript, p. 2 (included as p. 39 in "Appellant's Record" compiled by petitioner's appellate attorney, submitted with State Records by respondent).  The court's attempt to proceed with the plea colloquy was delayed by at least two off-the-record conversations between petitioner and his counsel due to a misunderstanding about what rights petitioner would waive in pleading guilty.  Plea Transcript, p. 3-4 (p. 40-41 in "Appellant's Record").  The court briefly adjourned the hearing so that

---

[8] The original complaint regarding the failure of counsel to meet a deadline was unfounded.  The deadline had been met, however, petitioner was not notified that the appropriate motions had been timely filed.

petitioner and his counsel could consult. Plea Transcript, p. 4 (p. 41 in "Appellant's Record"). When the court reconvened, petitioner withdrew his not guilty plea, entered a plea of guilty, admitted to the facts alleged in the indictment, and agreed to waive his right to appeal, to trial by jury, to remain silent, and to subpoena witnesses on his behalf. *Id*. at 6-11 (p. 43-48 in "Appellant's Record"). He also agreed that no promises had been made to him, and that no one had threatened him into pleading guilty. *Id*. at 10-11 (p. 47-48 in "Appellant's Record").

On April 17, 2001, petitioner filed a *pro se* motion to vacate his plea. Petitioner stated that he believed he had a valid defense, but that his attorney and the prosecutor "recommended that I plead guilty, they assured me several times that if I don't plead guilty there would be a heavier sentence if I proceed with the suppression hearing and go to trial." Petitioner's Notice of Motion to Vacate Plea (*see* p. 29 in "Appellant's Record"). On April 24, 2001, petitioner appeared at his scheduled sentencing hearing with Attorney Stanzione. Petitioner withdrew the motion to vacate his plea, and the court sentenced him to an indeterminate term of two to four years of incarceration. Sentencing Transcript, p. 4 and 7 (p. 57 and 60 in "Appellant's Record").

## 2. **Exhaustion**

The law is well-settled that prior to bringing a petition for habeas corpus pursuant to 28 U.S.C. § 2254, a petitioner must exhaust his state court remedies with respect to each claim presented in his federal application for habeas relief. *Baldwin v.*

*Reese*, 541 U.S. 27, 29 (2004). The petitioner must "fairly present" his claims in each appropriate state court, alerting the court to the ***federal nature*** of the claim. *Baldwin*, 541 U.S. at 29 (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). The petitioner must have informed the state court of ***both*** the factual ***and*** legal premises of the claims that he is attempting to bring in federal court. *Id*.

As the Second Circuit has held, in order for a petitioner to "invoke one complete round of the State's established appellate review process," he must first appeal his conviction to the Appellate Division and then must seek further review of the conviction by applying for leave to appeal to the New York Court of Appeals. *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) (quoting *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005)). Applicants for leave to appeal must submit briefs and other documents to the Court of Appeals, identifying the issues upon which the application is based, and must focus upon identifying problems of reviewability and preservation of error. *Smith v. Duncan*, 411 F.3d at 345.

The court in *Smith v. Duncan* specifically stated that the Court of Appeals would construe a petitioner's leave application as abandoning any claims that were presented to the Appellate Division, but not included in the leave application. *Id*. In *Grey v. Hoke*, the Second Circuit held that where a petitioner requested review by the New York Court of Appeals of only one of three issues raised in the Appellate Division, the other two claims were not presented for exhaustion purposes. *Grey v.*

7

*Hoke*, 933 F.2d 117, 120 (2d Cir. 1991). The court found that it would undermine the principles of comity to consider a constitutional claim as to which no ruling was requested from the state court. *Grey*, 933 F.2d at 120.

In this case, respondent argues that petitioner failed to exhaust all of his claims. As noted above, petitioner's appellate counsel found no issues to appeal on petitioner's behalf and filed an *Anders* brief. Petitioner then filed a Supplemental Pro Se Brief in the Appellate Division. In his pro se brief to the Appellate Division, petitioner raised three issues: (1) that his guilty plea was involuntary, (2) that he was denied the effective assistance of counsel,[9] and (3) that there was a lack of reasonable suspicion leading to his traffic stop. (Appellant's Supplemental Pro Se Brief, 4-15).

In finding that there were no non-frivolous claims that could be raised on appeal, the Appellate Division stated that petitioner "knowingly, voluntarily, and intelligently pleaded guilty to the crime of burglary in the third degree . . ." *People v. Williams*, 743 N.Y.S.2d 892, 295 A.D.2d 759 (N.Y. App. Div. 2002). The Appellate Division also stated that while petitioner had moved pro se to withdraw his plea, he later withdrew the motion, and "never claimed that he was innocent of the crime charged nor that his plea was induced by fraud or mistake." *Id*. The New York Court of Appeals denied his leave to appeal. *People v. Williams*, 782 N.E.2d 579, 99 N.Y.2d

---

[9]Petitioner alleged that defense counsel should have removed himself from the case because he was directed to do so by the Greene County Supreme Court, and that counsel performed poorly in court proceedings.

540 (N.Y. 2002). A review of the petition shows that the only claim that petitioner states that he included in his application for leave to appeal to the New York Court of Appeals involved the jurisdiction of the arresting police agency.[10] (Petition, ¶ 9(e)).

Because petitioner failed to raise any issues related to his original ineffective assistance of counsel claim or the claim related to an involuntary guilty plea in the New York Court of Appeals, he did not exhaust these claims at the state level. Furthermore, petitioner did not allege that the District Attorney withheld evidence favorable to petitioner, or any other misconduct by the District Attorney, in any state court. Petitioner does not make any further explanation as to the misconduct claim against the District Attorney, only the single statement in his petition: "conviction was obtained by unlawful tactics by court appointed counsel and the district attorney office [sic]." Petition, Dkt. 1, ¶ 12(a). Additionally, petitioner admits in his petition that he did not raise any search and seizure claim in the New York Court of Appeals, and that he, therefore, failed to exhaust the two search and seizure claims related to the evidence obtained as a result of the stop. Thus, petitioner has failed to exhaust his state court remedies as to **any** of the claims that he raises.

3. **Procedural Default**

If petitioner has not exhausted his state court remedies, but no longer has

---

[10]Petitioner's Leave to Appeal filing was not included in his state records. This court, therefore, relies on petitioner's statements in his petition.

remedies available in state court with regard to these claims, they are "deemed" exhausted but are also procedurally defaulted. *Bossett v. Walker*, 41 F.3d 825, 828 (2d Cir. 1994) (citing *Grey*, 933 F.2d at 120-21), *cert. denied*, 514 U.S. 1054 (1995). A state prisoner who has procedurally defaulted on a federal claim in state court is entitled to federal habeas review of that claim only if he can show both cause for the default and actual prejudice resulting from the alleged violation of federal law, or establish that failure of the court to consider the claim will result in a miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 748-50 (1991). A miscarriage of justice occurs if the constitutional violation has "probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

In this case, petitioner cannot return to state court on his ineffective assistance of counsel claim or either one of his search and seizure claims since he has already raised those claims on appeal to the Appellate Division, and he has already had his one opportunity for appeal to the New York Court of Appeals. *See Grey*, 933 F.2d at 120. Because petitioner cannot return to state court, he has not only failed to exhaust his claims, but has also procedurally defaulted on the ineffective assistance of counsel claim and both search and seizure claims.

Federal courts may address the merits of a claim that was procedurally defaulted in state court upon a showing of cause for the default and prejudice to the petitioner. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977); *Bosset*, 41 F.3d at 829 (2d Cir. 1994).

When petitioner is not able to show cause for the procedural default, the court need not decide the issue of prejudice, because in order to qualify for habeas review under this exception, petitioner must demonstrate **both** cause and prejudice. *Long v. Lord*, 03-CV-461, 2006 U.S. Dist. LEXIS 50439, *17-18 (N.D.N.Y. March 21, 2006) (citing *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985)).

Thus, this court must proceed to an analysis of whether petitioner has shown cause and prejudice for the default on these three claims. Petitioner has not suggested any reason for his failure to raise these claims in the New York Court of Appeals. Petitioner originally raised these claims in his Supplemental Pro Se Brief in the Appellate Division, and therefore certainly could have raised the issues again on his own behalf in the New York Court of Appeals. Since petitioner has not established cause for his procedural default concerning these claims, this court need not decide whether he suffered prejudice. *Lord*, *supra*.

Absent cause and prejudice, the court may also excuse a procedural default if petitioner can show that the failure to review his claims would result in a fundamental miscarriage of justice in that petitioner was "actually innocent." *Sawyer v. Whitely*, 505 U.S. 333, 339 (1992), *see also Murray*, 477 U.S. at 496. To invoke this exception, the petitioner must show "factual innocence," not mere "legal sufficiency," and must present ***new and reliable evidence*** to show that it is "more likely than not" that no reasonable juror would have found petitioner guilty beyond a reasonable

11

doubt. *Moore v. Greiner*, 02 Civ. 6122, 2005 U.S. Dist. LEXIS 24184, *35-37 (S.D.N.Y. 2005) (citations omitted). In this case, petitioner has presented no new or reliable evidence. In fact, petitioner has not presented any evidence regarding the issue of innocence.

The court finds that petitioner has not shown cause and prejudice for his failure to bring the ineffective assistance of counsel claim and two search and seizure claims in the New York Court of Appeals, and that failure to review these claims will not result in a fundamental miscarriage of justice. This court finds that the ineffective assistance of counsel claim and two search and seizure claims may be "deemed" exhausted,[11] but finds that consideration of these claims is barred by procedural default.

**4.     Newly Raised Claims**

Petitioner raises a claim alleging "unlawful" tactics by his appointed counsel and the District Attorney, and a separate claim alleging that the prosecutor withheld evidence favorable to the petitioner, for the first time in his petition to this court.

---

[11]Even if petitioner had exhausted his search and seizure claims, he could not bring them in this habeas petition. Pursuant to *Stone v. Powell*, where the state affords a defendant "an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced . . . [against him]." *Stone v. Powell*, 428 U.S. 465, 482 (1976). *See also Capellan v. Riley*, 975 F.2d 67, 70 (2d Cir. 1992). In this case, petitioner pleaded guilty. He had the opportunity, but chose not to avail himself of New York's corrective procedures with respect to the Fourth Amendment violations that he alleges here. Therefore, petitioner's claims about the search and seizure are not cognizable in this court.

These claims have not been raised in any state court, and as stated above, have not been exhausted. This court declines to make a determination as to whether these claims may be deemed exhausted, and if so, have been procedurally defaulted. Pursuant to 28 U.S.C. § 2254, this court may reach the merits and **deny** any unexhausted claim on the merits if the claim is so clearly without merit that it would be a waste of judicial resources to send the claim back to a state forum to exhaust them. 28 U.S.C. § 2254 (b)(2). This court will analyze the merits of these two claims.

### A. Unlawful Tactics

Though petitioner states in his petition that his "conviction was obtained by unlawful tactics by court appointed counsel and the district attorney office [sic]," he did not elaborate on any facts underlying that statement in his petition or in his Memorandum of Law. Petitioner declines to name the members of the District Attorney's office who allegedly engaged in the misconduct, or to specify the nature of the alleged misconduct. This court finds this claim to be **wholly conclusory**.

The Second Circuit stated in *Whitaker v. Meachum* that "it is well-settled that on federal collateral review, the petitioner bears the burden of proving that his constitutional rights were violated." *Whitaker v. Meachum*, 123 F.3d 714, 716 (2d Cir. 1997). In this case, petitioner pled guilty and the voluntariness of that plea has been upheld. Pursuant to *Blackledge v. Allison*, "[s]olemn declarations in open court carry a strong presumption of verity. The subsequent presentation of conclusory

13

allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Here, petitioner's claim is vague and non-specific, and is in direct contradiction to his statements to the judge at his plea and sentencing hearings. The Appellate Division found that petitioner's plea was voluntary, and the guilty plea transcript shows that petitioner affirmed that no promises had been made to him, and that no threats had been made against him. Thus, this court will recommend dismissal of this claim, notwithstanding his failure to exhaust.

### B. Brady Violation

Petitioner alleges that the prosecutor failed to disclose evidence favorable to the petitioner involving the dismissal of the two traffic tickets that were issued to petitioner on July 27, 2000. Petition, ¶ 12(d). Petitioner asserts that the dismissal of the tickets was delayed for a period of months. *Id*. Petitioner also asserts that because the officer failed to file a supporting deposition regarding the circumstances of the traffic stop and resulting two tickets, the tickets should have been dismissed on that basis. Petitioner's Memorandum of Law, Dkt. 5, p. 8. The tickets were eventually dismissed at the time of petitioner's sentencing, as part of the plea agreement.

Under *Brady v. Maryland*, the prosecutor has the duty to produce evidence favorable to the defense. *See Brady v. Maryland*, 373 U.S. 83 (1963). To prevail on a *Brady* claim, petitioner must show that the prosecution suppressed evidence favorable

to him, and that the evidence was material either to guilt or punishment. *Brady*, 373 U.S. at 87. "There are three components of a . . . *Brady* violation: The evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999) (referring to *Brady v. Maryland*, 373 U.S. 83 (1963)). *See also DiSimone v. Phillips*, 461 F.3d 181, 195 (2d Cir. August 22, 2006) (citing *United States v. Rivas*, 377 F.3d 195, 199 (2d Cir. 2004)).

In this case, the court finds that the evidence regarding the dismissal of the tickets is not exculpatory. Furthermore, no evidence related to the traffic stop was suppressed by the District Attorney's office. The prosecutor's failure to move more quickly to dismiss the traffic tickets, or some other failure to act, does not constitute the suppression of favorable evidence. No prejudice to the defendant resulted from this issue surrounding the tickets.[12] Thus, this claim may be dismissed.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED and DISMISSED**.

---

[12]Petitioner appears to state that had the tickets been dismissed in a more timely manner, the evidence seized in the stop would have been required to be excluded, and the more serious charges related to the burglary of the Xtra-Mart would have been required to be dismissed. Unfortunately for petitioner, the proper forum to raise any issues regarding the legality of the stop or the seizure of the stolen cigarettes from his car trunk would have been prior to his guilty plea. By pleading guilty, petitioner waived consideration of this point.

Pursuant to 28 U.S.C. § 636 (b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 8, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge