UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JEFFREY WILLIAMS,

                        Petitioner,

  -against-                                 9:03-CV-0043
                                               (LEK/GJD)

CHRIS T. MELLAS, *Superintendent at
Lyon Mountain Correctional Facility*,

                        Respondent.

---

## DECISION AND ORDER

This matter comes before the Court following a Report-Recommendation filed on December 8, 2006, by the Honorable Gustave J. DiBianco, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3(c) of the Northern District of New York. Report-Rec. (Dkt. No. 14).

Within ten days, excluding weekends and holidays, after a party has been served with a copy of a Magistrate Judge's Report-Recommendation, the party "may serve and file specific, written objections to the proposed findings and recommendations," FED. R. CIV. P. 72(b), in compliance with L.R. 72.1. In the interval of at least fifteen days since the Magistrate Judge filed the subject Report-Recommendation, no objections to it have been raised. Furthermore, after examining the record, the Court has determined that the Report-Recommendation is not subject to attack for plain error or manifest injustice.[1]

---

[1] The Court notes, though, that even if this decision were not based on the merits, the Petition would still be dismissed for Petitioner's violation of Local Rules 10.1(b) and 41.2(b) - failure to update address and thereafter inform the Court and all parties of the new address. See N.D.N.Y. L.R. 10.1(b), 41.2(b); see also Dkt. No. 15 (mail returned as undeliverable to Petitioner at Lyon Mountain Correctional Facility - the last known address as listed on this Court's Docket). As then-District Judge Pooler stated:

1

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 14) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Petitioner's Petition for writ of habeas corpus (Dkt. No. 1) is **DENIED** and **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   January 3, 2007
         Albany, New York

HONORABLE LAWRENCE E. KAHN
United States District Judge

---

It is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions. It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail. In addition to keeping the clerk informed of any change of address, parties are obliged to make timely status inquiries. Address changes normally would be reflected by those inquiries if made in writing.

Dansby v. Albany County Corr. Fac. Staff, No. 95-CV-1525 (RSP/RWS), 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (Pooler, D.J.) (citing and quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) (other citations omitted)).